Opinion issued November 8, 2007                                   

 

















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00202-CR




DERRICK DEVONNE WILSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 992463



 
MEMORANDUM OPINION
          Appellant, Derrick Devonne Wilson, pleaded guilty to the offense of
aggravated robbery. Appellant entered into a plea bargain with the State that capped
the sentence that the trial court could assess as punishment. The plea papers signed
by appellant, his attorney, the State’s attorney, and the trial court show that appellant
pleaded guilty “without an agreed rec[ommendation], to a presentence investigation[,]
although agree to a 25 year sentence cap.” A reporter’s record was prepared of the
proceedings at the sentencing hearing, where appellant’s attorney and the State’s
attorney each represented to the court that appellant pleaded guilty “with the
stipulation that there would be a cap on the sentence of 25 years.” After considering
the presentence report and evidence admitted at the hearing, the trial court sentenced
appellant to 25 years in prison, a punishment that fell within the agreed cap. In
conflict with the plea papers and the trial court’s statements at the sentencing hearing,
the judgment states “no rec[ommendation] PSI.” 

          The trial court initially certified that this is not a plea-bargain case, and the
defendant has the right of appeal. The trial court appointed appellate counsel, who
filed an Anders brief stating that the appeal is without merit and that there are no
arguable grounds for reversal. Anders v. California, 386 U.S. 738, 744, 87 S. Ct.
1396, 1400 (1967). Appellant filed a pro se response brief asserting four issues,


 and
we submitted the case for consideration. 

          After reviewing the record, we found that the case was a plea-bargain case and
the certification was defective. We abated the appeal and ordered the trial court to
amend the certification. We have received the trial court’s amended certification that
states that this is a plea-bargain case and the defendant has no right of appeal.

          We conclude that the certifications of the right of appeal filed by the trial court
are supported by the record and that appellant has no right of appeal due to the agreed
plea bargains. Tex. R. App. P. 25.2(a)(2); see also Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006) (holding that agreement to punishment cap is plea
bargain for purposes of Rule 25.2); Shankle v. State, 119 S.W.3d 808, 813 (Tex.
Crim. App. 2003) (same). Accordingly, we dismiss the appeal “without further
action, regardless of the basis for the appeal.” Chavez, 183 S.W.3d at 680; see also
Greenwell v. Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645, 649
(Tex. Crim. App. 2005) (explaining purpose of certification requirements is to resolve
cases that have no right of appeal quickly without expense of appointing appellate
counsel, preparing reporter’s record or preparing appellate brief).

Conclusion

          We dismiss the appeal.

 
 
                                                                        Elsa Alcala

                                                                        Justice

 

Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).